Filed 6/1/21  P. v. Vicente CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B301725 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA089368) |
| v. | |
| WALTER VICENTE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Alan K. Schneider, Judge.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In a bifurcated jury trial, defendant and appellant Walter Vicente was convicted of arson of an inhabited structure. (Pen. Code, § 451, subd. (b).)[1]  The jury later found that defendant was previously convicted of robbery (§ 211), that the prior conviction qualified as a "strike" (§§ 667, subds. (b)-(j), 1170.12), and that the prior was for a serious felony (§ 667, subd. (a)(1)).  He was sentenced to 11 years in state prison, calculated as follows:  the low term of three years, doubled for the strike prior, plus a five-year enhancement pursuant to section 667, subdivision (a)(1).

Defendant timely filed a notice of appeal, arguing that the trial court committed prejudicial *Griffin*[2] error when it asked defendant in front of the jurors if he wished to testify after defense counsel had informed the trial court that she had no evidence to present.

Because the trial court did not commit prejudicial error, we affirm.

## FACTUAL BACKGROUND

I. *Prosecution's case on the charged crime of arson*

In October 2018, a fire erupted at the apartment complex where defendant's father lived.  At around that time, defendant's father noticed that his son looked "sort of violent."

A Los Angeles City Fire Department (LAFD) firefighter kicked in the locked door of the apartment where the fire was.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    *Griffin v. California* (1965) 380 U.S. 609 (*Griffin*).

He saw defendant sitting on the living room couch. When asked what happened, defendant did not respond.

The fire was in the bedroom. After firefighters put out the fire, they saw that defendant was lying down with his eyes open.

A paramedic found defendant to be noncompliant. He purposefully pulled away from the paramedic, who thought defendant's behavior was strange. When the paramedic switched from English to Spanish to ask what had happened, defendant admitted that he had started the fire. Asked why, defendant replied, "'Because I was trying to kill everybody.'"

Based on his investigation of the fire, an LAFD arson investigator opined that two separate fires were intentionally set in the apartment bedroom.

II. *Prosecution's case on the prior conviction allegations*

Paralegal Christopher Larson (Larson) of the Los Angeles District Attorney's Office testified that he obtained and reviewed certified court documents to determine whether prior crimes could be alleged against defendant. Those documents concerned defendant. Proof of defendant's identity included fingerprints. Larson testified that the court documents showed that defendant had been convicted in 2009 of violating section 211 (robbery).

On cross-examination, Larson testified that while clerical errors in the documents were possible, it was unlikely.

Following Larson's testimony, the trial court found that defendant "is the same person in the prior conviction beyond a reasonable doubt."

III. *Defense*

Defendant did not offer witnesses or other evidence in either phase of the trial.

**DISCUSSION**

I. *Relevant proceedings*

In the second phase of the bifurcated jury trial, after the prosecutor completed her direct examination of Larson, the trial court admitted into evidence three of the prosecutor's exhibits without objection by the defense. These exhibits included court documents from the prior criminal case, specifically (1) a certified printout of the proceedings, (2) the abstract of judgment, and (3) a certified transcript of the proceedings in which defendant entered a plea of no contest. After noting that it had the case file of the prior conviction and at the prosecutor's request, the trial court stated that it was required to take judicial notice of its own case file.

Following cross-examination, the trial court asked if the People rested. The prosecutor answered in the affirmative. Defense counsel stated that she was making a motion under section 1118.[3] The trial court denied the motion and then asked, "Is there any evidence on behalf of the defense?"

After defense counsel answered in the negative, the trial court asked if counsel wanted her client to testify. Counsel gave the same answer.

The trial court then asked defendant if it was "your decision not to testify? You have the absolute right to testify and the absolute right not to testify." Defendant replied, "I just want

---

[3] Section 1118 is titled, "Judgment of acquittal in nonjury case." It provides, in pertinent part, that if a motion for acquittal at the close of the prosecution's offer of evidence "is not granted, the defendant may offer evidence without first having reserved that right." (§ 1118.)

more time.  I couldn't care about that.  Sentence me already.  That's all I want."  The trial court then said, "So I will take it he does not wish to exercise his right to testify.  That was previously explained to him, and I am satisfied that he does understand it."

At the time the trial court asked about defendant's decision not to testify, defense counsel did not call the error to the trial court's attention.  She also did not ask for an admonition, curative jury instruction, side bar, or chambers conference.[4]

II. *Relevant law and analysis*

The Fifth Amendment to the United States Constitution "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."  (*Griffin, supra*, 380 U.S. at p. 615.)  Our Supreme Court "extended *Griffin* to prohibit comment on a defendant's silence by the trial judge.  [Citations.]"  (*People v. Thompson* (2016) 1 Cal.5th 1043, 1117; see also *People v. Morris* (1988) 46 Cal.3d 1, 35, overruled in part on other grounds in *In re Sassounian* (1995) 9 Cal.4th 535, 543–545 & fn. 5 & 6 ["Under the rule in *Griffin*, error is committed whenever the prosecutor or the court comments, either directly or indirectly, upon defendant's failure to testify"]; *People v. Medina* (1995) 11 Cal.4th 694, 755.)  Here, even assuming that the trial court committed *Griffin* error by

---

[4]     Because we conclude that the trial court did not commit prejudicial *Griffin* error, we do not reach the People's argument regarding forfeiture.

asking defendant about his decision not to testify,[5] any such error was not prejudicial.

In reviewing *Griffin* violations to determine if the errors were prejudicial, "the [appellate] court must be able to declare a belief that it was harmless beyond a reasonable doubt" in order to affirm the lower court's ruling.[6] (*Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*).) "'[B]rief and mild references to a defendant's failure to testify, without any suggestion that an inference of guilt be drawn therefrom, are uniformly held to constitute harmless error.'" (*People v. Turner* (2004) 34 Cal.4th 406, 419–420.)

The trial court's question and comments here were not prejudicial because they did not suggest that an inference of guilt should be drawn from them. In fact, when the trial court asked defendant if it was his decision not to testify, it specifically noted that he had the absolute right not to testify. And, immediately after the trial court's question and comments about defendant's decision not to testify, the trial court instructed the jury that its prior instructions "still govern[ed]." One such instruction was CALCRIM No. 355, which provides that a defendant has the "absolute constitutional right not to testify," that the jury is

---

[5] The trial court could have avoided this arguable *Griffin* error by asking defendant its questions outside the presence of the jury.

[6] To the extent defendant argues that the alleged *Griffin* error is not subject to the harmless error test but is automatically reversible, that argument was rejected by *People v. Thompson*, *supra*, 1 Cal.5th at page 1118, footnote 14.

6

prohibited from considering, "for any reason at all, the fact that the defendant did not testify," and that the jury cannot discuss defendant's silence during deliberations or allow that silence to influence the jury's decision "in any way." The trial court further instructed the jury that the People had the burden to prove the prior conviction allegations beyond a reasonable doubt and that the jury's verdict on those allegations had to be unanimous and based upon the evidence. We presume the jury followed the trial court's instructions. (*People v. Thompson, supra,* 1 Cal.5th at p. 1118.)

On appeal, defendant argues that his response that he just wanted to be sentenced gave the jury an improper reason to find the truth of the prior conviction allegations and the trial court's question and comments made it seem like defendant should have testified to deny the truth of those allegations. We cannot agree. This argument does not refute the presumption that the jury followed the trial court's appropriate instructions.[7]

Defendant further contends that Larson's testimony on cross-examination that clerical errors were possible, but unlikely, in the preparation of court documents, demonstrates that the alleged error was not harmless under *Chapman*. This argument ignores the uncontroverted documentary evidence showing that defendant suffered the prior conviction used as a second-strike to

---

[7] For the same reason, we reject defendant's contention that because it was the trial court who commented on defendant's right to remain silent, "there is no way the jurors could have used the trial court's express statements for a purpose other than to improperly conclude that [his] refusal to" testify "meant that he most certainly suffered that conviction [referring to the prior]." The instructions told the jury what to consider when deciding whether the allegations were true.

double the prison term and impose an enhancement under section 667, subdivision (a)(1).

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ